**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**BRADLEY GERARD DITERESI,**

**Plaintiff,**

v.                                                      **Case No. 05-2258-JWL**

**THE CITY OF LAWRENCE, KANSAS**

**Defendant.**

**MEMORANDUM AND ORDER**

This matter comes before the court on a Motion to Dismiss for Failure to State a

Claim for Relief under Federal Rule 12(b)(6) filed by the Defendant.  For the reasons

explained below, the motion is granted without prejudice to Mr. DeTeresi filing an

amended complaint on or before September 23, 2005.

*1.      Factual Background*[1]

On or about April 25, 2001, in his capacity as a Lawrence police officer, Mr. Stuart

Michael Peck conducted an illegal search of the person and private residence of Mr.

DiTeresi.  Following this search, Mr. Peck submitted a fraudulent probable cause affidavit

---

[1] In the parties' briefs and memoranda they provide other details regarding the alleged facts that
gave rise to this lawsuit. Consistent with the well established standards for analyzing a motion to dismiss
for failure to state a claim, however, the court will look no further than the allegations in plaintiff's
complaint, which the court accepts as true.

to the District Court of Douglas County, Kansas, seeking an arrest warrant.   In reliance on Mr. Peck's affidavit, the court issued the arrest warrant.

The Douglas County District Attorney pursued a felony criminal prosecution for possession of narcotics.  On November 28, 2001, Mr. DeTeresi entered a plea of no contest to one count of Felony Possession of Drug Paraphernalia, pursuant to plea negotiations.  On January 11, 2002, the court sentenced him to 11 months in the custody of the Kansas Department of Corrections but granted his request for probation.  He was ordered to be on supervised probation for a period of 12 months.

On February 12, 2003, the Lawrence Police Department fired Mr. Peck following an Internal Affairs investigation concerning false and misleading information submitted by Mr. Peck to the district court in a search warrant affidavit in 2001.  The district court ruled that Mr. Peck had submitted false and misleading information to the court.

The Douglas County District Attorney's Office wrote a letter on August 10, 2003, to Mr. DiTeresi's defense counsel stating: "…Officer Stuart Peck's employment with the Lawrence Police Department was terminated on February 12, 2003.  An Internal Affairs investigation preceded his termination. During that investigation, I became aware of facts pertaining to this case that concern me. . . . Therefore, if Mr. DiTeresi files a motion to withdraw his plea, the State will not oppose that motion."

On September 15, 2003, the court filed its Journal Entry and Order permitting Mr. DiTeresi to withdraw his plea.  In that order, the court entered as a finding of fact: "There

2

was an internal investigation in this matter and it was determined that important information

for the reviewing Court was omitted on the probable cause affidavit by the affiant (Peck).

Such information would have influenced the State not to file charges in this matter."

Because of Mr. Peck's misconduct, the Douglas County District Attorney dismissed the

case against Mr. DiTeresi with prejudice following withdrawal of Mr. DiTeresi's guilty

plea.

**2.      *Plaintiff's Section 1983 Allegations in His Complaint***

In support of his section 1983 claim, Mr. DeTeresi alleges the following violations

in his complaint: "Defendant City of Lawrence / Lawrence Police Department, by its

negligent hiring policies, negligent supervision policies and negligent retention of Stuart

Michael Peck and the resulting misconduct of Stuart Michael Peck, acting under color of

law, subjected Plaintiff Bradley DiTeresi to the deprivation of rights, privileges, and

immunities secured to him by the United States Constitution."

Mr. DeTeresi's section 1983 claim concludes with his prayer for damages:

"Plaintiff Bradley DiTeresi suffered damages as a result of said conduct including, but not

limited to: unlawful violation of privacy; unlawful arrest and detention; unlawful criminal

prosecution and conviction; restriction of personal freedom and liberty; loss of educational

and / or employment opportunities; damage to reputation; and emotional distress."

**3.      *Procedural History***

The City of Lawrence moves to dismiss Mr. DeTeresi's case because his § 1983 claim fails to state a claim upon which relief may be granted.  The court distills two arguments from the City of Lawrence's brief supporting its motion: (1) Mr. DiTeresi fails to allege a specific, underlying constitutional violation; and (2) Mr. DeTeresi alleges mere negligence by the City of Lawrence in terms of hiring, training, and supervising Mr. Peck, and Mr. DeTeresi thus fails to allege any "deliberative" custom or policy that was the "moving force" behind the alleged violation.  Finally, the City of Lawrence also argues that because there is no independent basis for the court's jurisdiction over the three related state claims in Mr. DiTeresi's complaint, then dismissal of these three pendant claims is proper in the absence of a valid claim pursuant to § 1983.

## 4.    *Standard of Review*

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Aspenwood Investment Co. v. Martinez,* 355 F.3d 1256, 1259 (10th Cir.2004) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989).  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Adams v. Kinder-Morgan, Inc.,* 340 F.3d 1083, 1088 (10th Cir. 2003). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but

4

whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v.. Sorema N.A.,* 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

This pleading standard is not altered with respect to municipal liability for constitutional violations actionable under 42 U.S.C. § 1983. *See Leatherman v. Terrent County,* 507 U.S. 163, 168 (1993).  Accordingly, a plaintiff alleging a § 1983 violation against a municipality need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*

Despite this allowance, however, "plaintiffs must allege sufficient facts to support their § 1983 claims. Bare conclusions, even read in the light most favorable to plaintiff, may prove insufficient." *Smith v. Plati*, 258 F.3d 1167, 1176 (10th Cir. 2001).  Indeed, the Tenth Circuit has advised: "'The existence of the § 1983 remedy does not require that federal courts entertain all suits in which unconstitutional deprivations are asserted.  A federal constitutional question must exist 'not in mere form, but in substance, and not in mere assertion, but in essence and effect.'" *Id.* (quotation omitted).

Finally, it is generally unacceptable for the court to look beyond the four corners of the complaint when deciding a Rule 12(b)(6) motion to dismiss.  *See Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004) ("Where a party has moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and matters outside of the pleadings have been presented to the court for consideration, the

court must either exclude the material or treat the motion as one for summary judgment. . . .").  The court, therefore, cannot consider any of Mr. DeTeresi's allegations not contained within the four corners of his complaint.

**5.    *Necessary Elements for a Section 1983 Cause of Action Against a Municipality***

    **A.    General Section 1983 Requirements**

To state a cognizable claim under § 1983, a plaintiff must allege deprivation of a right "secured by the Constitution and laws" of the United States and that this deprivation was committed under color of state law.  *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005).  Or, as the Tenth Circuit recently enumerated: "In order to survive a Rule 12(b)(6) motion to dismiss a § 1983 claim, a plaintiff must allege "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia."  *Beedle v. Wilson*, 2005 WL 2114112, *2 (10th Cir. 2005).

    **B.    Specific Section 1983 Requirements Against a Municipality**

Within the realm of section 1983, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation."  *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316 (10th Cir.1998) (citations omitted); *see also*

*Trigalet v. City of Tulsa*, 239 F.3d 1150, 1154 (10th Cir. 2001) (same).  When a plaintiff

alleges that a municipality is liable under section 1983 for its failure to train or supervise,

"this situation falls within that category of cases in which the Supreme Court has mandated

that 'rigorous standards of culpability and causation must be applied.'"  *Barney v.*

*Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (citation omitted).

　　　　To state a claim, Mr. DeTeresi must allege a constitutional violation by an employee

of the City of Lawrence.  In this case, the face of the complaint does not state an actionable

constitutional violation against any employee, including Mr. Peck.  In his complaint, Mr.

DeTeresi's section 1983 claim alleges as actionable that "Defendant City of Lawrence /

Lawrence Police Department, by its negligent hiring policies, negligent supervision

policies and negligent retention of Stuart Michael Peck and the resulting misconduct of

Stuart Michael Peck, acting under color of law, subjected Plaintiff Bradley DiTeresi to the

deprivation of rights, privileges, and immunities secured to him by the United States

Constitution."  The allegation of a constitutional violation is purely conclusory and does

not set out what the violation or violations might be.

　　　　In a separate paragraph of his complaint, Mr. DeTeresi alleges that he "suffered

damages as a result of said conduct including, but not limited to: unlawful violation of

privacy; unlawful arrest and detention; unlawful criminal prosecution and conviction;

restriction of personal freedom and liberty; loss of educational and / or employment

opportunities; damage to reputation; and emotional distress."  While some or all of these

complaints might rise to the level of constitutional violations, Mr. DeTeresi does not refer

to them as such and, instead, titles them as damages, not violations.  This is not a trivial or

semantic distinction.  The court finds that these allegations are inadequate to allow the City

of Lawrence to respond properly.

 The only remaining alleged violations in Mr. DeTeresi's complaint are various

forms of negligence by the City of Lawrence.  Regardless of the form, however, negligence

alone is never actionable under § 1983:

> [I]f a plaintiff merely shows that a supervisor "should have known" that a
> subordinate was violating someone's constitutional rights and it is not
> established that the supervisor actually had such knowledge, the plaintiff will not
> have established a deliberate, intentional act by the supervisor to violate
> constitutional rights. At most, the plaintiff will have established only that the
> supervisor was negligent in not observing what he should have seen. The
> Supreme Court has made it clear that liability under § 1983 must be predicated
> upon a "*deliberate*" deprivation of constitutional rights by the defendant.

*Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992).

 In *Woodward*, the Tenth Circuit went even further in explaining that even gross

negligence is insufficient to trigger § 1983 liability: "Merely characterizing the negligence as

'gross' does not change its essential character.  Negligence is carelessness and gross

negligence is simply gross carelessness.  Neither simple nor gross negligence implies an

intentional and deliberate violation of constitutional rights, and consequently neither form of

negligence satisfies the scienter requirement of § 1983." *Id.* at 1399 n.11.

 Thus, the face of Plaintiff's complaint runs afoul of the dictates of *Woodward* that

"merely asserting that the defendant 'should have known' of unconstitutional behavior on behalf

of his or her subordinates without establishing an intentional, conscious, and deliberate act by

the defendant participating in, or knowingly acquiescing in, the unconstitutional behavior fails to allege the requisite scienter for § 1983 liability." *Id*.

### C.    Policy or Custom and Deliberate Indifference

Even if Mr. DeTeresi were to allege a specific constitutional violation by a municipal employee such as Mr. Peck, this alone would not establish liability.  In this context, there is no form of respondeat superior liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691.  *See also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) (A municipality "is only liable when it can be fairly said that the city itself is the wrongdoer.").  Instead, Mr. DeTeresi must allege that a municipal policy or custom was the "moving force" behind any alleged constitutional violation.  This would include a violation resulting from "official municipal policy of some nature," *Monell v. New York City Dep't of Social Serv.,* 436 U.S. 658, 691(1978), or "by municipal policy makers under appropriate circumstances." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986).

Mr. DiTeresi must establish a nexus between Officer Peck's actions and a policy or custom of the City of Lawrence.  *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002) (insisting that Plaintiff must take "the subsequent step of linking the possible violation to a municipality custom or policy. . . . It is absolutely necessary to show that 'the 'execution of the government's policy or custom . . . inflict[ed] the injury' [in order to hold a] municipality ... liable under § 1983.'") (citations omitted).  Indeed, Mr. DiTeresi "must show that the municipal action was taken with the requisite degree of culpability and

must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Beedle v. Wilson*, 2005 WL 2114112, *5 (10th Cir. 2005) (quoting *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 404 (1997)).

In assessing Mr. DeTeresi's allegations, the Tenth Circuit has noted that "there is no concept of strict supervisor liability under section 1983." *Beedle*, 2005 WL 2114112, at *10 (quoting *Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir.1996)).  Instead, Mr. DeTeresi's claim must be directed at the municipality itself:

> In order to impose supervisor liability under § 1983, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation."   Rather, "the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights. A plaintiff may satisfy this standard by showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance."

*Id.*  (citation omitted).

To withstand this motion to dismiss, Mr. DiTeresi's complaint must allege that an official  with "final policymaking authority" engaged in an "intentional or deliberate" act against him, or that the official "'personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance.'" *Id.*

At bottom, Mr. DeTeresi must show that the objectionable policy or custom resulted at least from "deliberate indifference" by the municipality. *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992).  He "must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, he must show that the municipal action was taken with the requisite degree of

culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Comm'rs, v. Brown*, 520 U.S. 397, 404 (1997). *See also Monell*, 436 U.S. at 694 (It is only if "execution of a government's policy or custom . . . inflicts the injury" that the municipality becomes liable as a tortfeasor under section 1983).

**6.    *Leave to Amend***

Mr. DeTeresi requests leave to amend his complaint if the court determines that his complaint fails to state a claim or if his claims or facts are not specific enough. "Ideally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1131 (10th Cir.1994) (quotation and citations omitted).

In this case, in his briefs and memoranda, Mr. DiTeresi has discussed numerous facts that were not alleged in his complaint.  Those facts reveal that he might be capable of amending his complaint to state a cognizable § 1983 claim.  The court recognizes that under Tenth Circuit precedent, specifically *Pierce v. Gilchrist*, 359 F.3d 1279 (2004), and its progeny, that the totality of Plaintiff's allegations might establish a complaint that would withstand a motion to dismiss.  At this stage, however, the court is constrained to decide this motion on the face of the complaint.

The fact that Mr. DiTeresi ought to be afforded an opportunity to test his claim on

11

the merits if the underlying facts and circumstances may be a proper subject of relief, *Foman v. Davis,* 371 U.S. 178, 182 (1962), leads the court to conclude that he should be given an opportunity to amend his complaint. Thus, the court will grant the City of Lawrence's motion to dismiss without prejudice to Mr. DiTeresi filing an amended complaint on or before September 23, 2005.

**7.     *State Law Claims***

In addition, Mr. DeTeresi's three state law claims (Counts I, II, and III) are dismissed without prejudice.  The City of Lawrence correctly argues that without supplemental jurisdiction based on the federal section 1983 claim, this court lacks jurisdiction to decide the three state law claims.  Thus, the entire four counts of the complaint are all dismissed without prejudice. However, as with Count IV, Mr. DeTeresi is given the same opportunity to reassert Counts I, II, and III in an amended complaint filed on or before September 23, 2005.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to dismiss (doc. # 3)  is granted without prejudice to plaintiff filing an amended complaint on or before September 23, 2005.

**IT IS SO ORDERED.**

Dated this 13th day of September, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge